IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| **JONATHON WEBB,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 3:09-0795** |
| | ) | |
| **LARRY PARSONS,** *et al.***,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Document No. 35.), filed on April 8, 2011, by counsel, Edward R. Kohout and C. Matt Rollins. Having thoroughly examined the record in this case, the undersigned respectfully recommends that Plaintiff's Motion for Leave to Amend Complaint should be granted in part and denied in part.

**FACTS AND PROCEDURE**

On July 10, 2009, Plaintiff, acting *pro se* and incarcerated at the St. Mary's Correctional Center, in St. Mary's, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) Plaintiff names the following as Defendants: (1) Larry Parsons, Administrator/Warden of Western Regional Jail; (2) Lieutenant Carol Aldridge, Acting Shift Commander; (3) Mr. Napier, Correctional Officer; and (4) Mr. Hanna, Correctional Officer. (Id., p. 2.) Plaintiff complains that Defendants used unnecessary and excessive force on June 12, 2008, in violation of the Eighth Amendment. (Id., pp. 2 - 4.) Specifically, Plaintiff states as follows:

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

  8. On June 12, 2008, at approximately 1:30 p.m., I was escorted out of my cell at the Western Regional Jail by two (2) of the Defendants, C/O Napier and C/O Hanna, for the purpose of making a phone call to my attorney. I was housed in section A-3, which is a disciplinary segregation unit. Therefore, I was in the waist chains and shackles. As we approached the telephone, C/O Hanna and I had a verbal disagreement. During this time frame C/O Napier said, "Hey, Webb!" which caused both C/O Hanna and myself to stop and turn, when I did so, C/O Napier maced me thoroughly with O.C. spray then he proceeded to kick my feet out from beneath me, then both Officers began kicking me in the body and face. I was taken to the Booking Area of the jail and given no medical care, this entire time I was of no physical threat to anyone as I was still in the restraints. The report for this incident was not completed until June 23, 2008.

  9. Two days later I was given a write-up for assault, stating that I had struck C/O Hanna with the telephone which caused both C/Os to take the actions they did. I spoke with C/O Hanna several days later about the incident and at that moment he admitted that I had not touched him.

  10. At the Disciplinary Hearing, C/O Hanna told the Hearing Officer that I did not hit him with the telephone and said that he didn't know why C/O Napier had maced me. The write-up was dismissed based on this testimony. I then contacted the Regional Jail Authority who sent Chief Investigator Paul O'Dell to interview me - - this consisted of several meetings. Correctional Officers Hanna and Napier, I have been told, have resigned from the Regional Jail Authority.

(Id., pp. 2-3.) For relief, Plaintiff requests compensatory and punitive damages. (Id., p. 4.)

By Order entered on June 30, 2009, the United States Magistrate Judge Maurice G. Taylor[2] denied Plaintiff's Motion for Appointment of Counsel (Document No. 3.) and granted his Application to Proceed Without Prepayment of Fees (Document No. 1.). (Document Nos. 5 - 6.) The Clerk issued Summonses for Defendants on July 30, 2009. (Document No. 7.) On August 13, 2009,

---

[2] By Standing Order entered on August 1, 2006, this matter was referred to United States Magistrate Judge Taylor for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) On May 4, 2010, the above reference was withdrawn and this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition. (Document No. 17.)

the Summonses for Defendants Napier and Hanna were returned un-executed and the Summonses for Defendants Parsons and Aldridge were returned executed. (Document Nos. 10 - 13.) Defendants Parsons and Aldridge filed their Answer on August 13, 2009. (Document No. 9.)

On August 13, 2010, Plaintiff filed his Request for a Scheduling Conference. (Document No. 19.) By Order entered on January 18, 2011, the undersigned entered a Scheduling Order and denied Plaintiff's Request for a Scheduling Conference as moot. (Document No. 25.) On February 24, 2011, Mark W. Browning filed a Notice of Appearance on behalf of Defendants Aldridge and Parsons (Document No. 28.) and a Motion to Amend Scheduling Order. (Document No. 29.) By Order entered on February 25, 2011, the undersigned granted Defendants' Motion and amended the Scheduling Order. (Document No. 30.) On April 8, 2011, Edward R. Kohout and C. Matt Rollins filed a Notice of Appearance on behalf of Plaintiff (Document No. 33.), a Motion for Relief of Scheduling Order (Document No. 34.), and a Motion for Leave to Amend Complaint (Document No. 35.). Defendants filed no objection to Plaintiff's Motion for Relief from Scheduling Order or Motion for Leave to Amend Complaint. By separate Order entered this day, the undersigned has granted Plaintiff's Motion for Relief of Scheduling Order.

## ANALYSIS

Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend her pleadings "once as a matter of course within: (A) 21 days after serving it . . .." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal

Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted).

In the Motion for Leave to Amend Complaint, counsel seeks to (1) "add the West Virginia Regional Jail & Correctional Facility Authority (Regional Jail Authority) as a party defendant," (2) "assert appropriate claims against the Regional Jail Authority," and (3) "add a demand for a jury trial." (Document No. 35, p. 1.) In support of the Motion, counsel states as follows: (1) The West Virginia Regional Jail Authority "is the real party in interest since it employed the individual named defendants and had legal custody of plaintiff as an inmate and had primary responsibility for his safety and for the errant actions of the named defendants as alleged in the Complaint;" (2) "The Regional Jail Authority investigated this incident and wrote a letter to plaintiff advising him that he had a valid claim;" (3) "The original Complaint was filed pro se and the plaintiff just recently obtained counsel;" and (4) "[T]hese proposed amendments are necessary to render full justice to the parties and the case is still in its relatively early stages and no prejudice can be shown to the named defendants." (Id.)

The Court finds that Plaintiff's Motion to Amend should be granted in part and denied in part. Plaintiff's Motion should be granted to the extent he seeks to amend his Complaint to "add a demand for a jury trial." Plaintiff's Motion should be denied as futile to the extent Plaintiff seeks to add the West Virginia Regional Jail Authority as a party defendant and "assert appropriate claims against the Regional Jail Authority." Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution.[3] See Will v. Michigan

---

[3] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The Eleventh Amendment protects states from being sued in federal court on the basis of state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468, 470 (4th Cir.), cert. denied, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The Eleventh Amendment immunity not only applies to states and state agencies, but extends to suits filed against state officials when "the relief sought and ordered has an impact directly on the State itself." Pennhurst, 465 U.S. at 117, 104 S.Ct. at 917. See also, Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996)("This immunity extends to 'arm[s] of the State,' (citations omitted) including state agencies and state officers acting in their official capacity. (citations omitted)). "Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. at 71, 109 S.Ct. at 2312. A state may, however, waive its constitutional immunity in one of two ways:

> (1) directly by statutory or constitutional provision, or (2) "constructively" by voluntarily participating in a federal program when Congress has expressly conditioned state participation in that program on the state's consent to suit in federal court.

Westinghouse, 845 F.2d at 470. Waiver by statutory or constitutional provision must contain "an 'unequivocal' statement of the state's intention to subject itself to suit in federal court." Id. For purposes of civil actions brought pursuant to 42 U.S.C. § 1983 in federal court, "a state's general waiver of sovereign immunity will not suffice to waive the immunity conferred by the eleventh amendment." Id.; see also, Giancola v. West Virginia Dept. of Public Safety, 830 F.2d 547 (4th Cir. 1987).

  The West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment, unless the State has waived its immunity. Neither

means of waiver, however, is present here. To the extent Plaintiff would seek damages from the West Virginia Regional Jail Authority, his claims would be barred by the Eleventh Amendment. See Woodson v. Huppenthal, 2008 WL 828829 (S.D.W.Va. Mar. 27, 2008), aff'd 283 Fed.Appx. 156 (4th Cir. 2008). Accordingly, the undersigned finds that an amendment of Plaintiff's Complaint to include the West Virginia Regional Jail Authority as a defendant would be futile.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion for Leave to Amend (Document No. 35.) to the extent he seeks to add a demand for a jury trial, and **DENY** Plaintiff's Motion for Leave to Amend Complaint to the extent he seeks (1) to add the West Virginia Regional Jail Authority as a party defendant and (2) to assert claims against the West Virginia Regional Jail Authority.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is requested to transmit a copy of this Proposed Findings and Recommendation to counsel of record.

Date: May 6, 2011.

R. Clarke VanDervort
United States Magistrate Judge